# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DALE W. MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-08-419-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

The claimant Dale W. Moore requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining that he was not disabled. As discussed below, the decision of the Commissioner is hereby REVERSED and the case REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater,* 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938). *See also Clifton v. Chater,* 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services,* 933 F.2d 799, 800 (10th Cir. 1991). The Court reviews the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488 (1951); *see also Casias,* 933 F.2d at 800-01.

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

**Claimant's Background**

The claimant was born on June, 21, 1956, and was fifty-one years old at the time of the administrative hearing. He has a tenth grade education, briefly attended college, and has worked as an auto-mechanic, cook and general laborer in a lumber yard (Tr. 39). The claimant alleges he has been unable to work since December 1, 2004 (previously alleged to be September 1, 1999, but amended at the hearing) because of injuries to both his feet, arthritis, degenerative disc disease, and numbness of the left arm and hand (Tr. 159).

**Procedural History**

The claimant received disability benefits from 1991 to 1999 because of a forklift accident in which he fractured both ankles (Tr. 60-62, 231, 234). The claimant filed a new application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, on December 12, 2005. After this application was denied, ALJ Edward L. Thompson conducted an administrative hearing and determined the claimant was not disabled in a written opinion dated January 23, 2008. The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step two of the sequential evaluation. He found that the claimant's feet injuries, status post reconstruction surgery of the right foot, lumbar disc disease, and depression were not severe impairments and that the claimant was therefore not disabled (Tr. 12).

**Review**

The claimant contends that the ALJ erred by determining that his impairments were not severe. He argues *inter alia* that the ALJ ignored lay testimony about the extent of his physical limitations and therefore failed to consider *all* of the evidence of record in determining that he was disabled. The Court finds that the ALJ did fail to consider probative evidence, and the decision of the Commissioner must therefore be reversed.

The claimant must show at step two that he has an impairment severe enough to interfere with the ability to work. *See Bowen v. Yuckert*, 482 U.S. 137, 144 (1987). This "is based on medical factors alone, and does not include consideration of such vocational factors as age, education, and work experience." *Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004), *quoting Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). And while the claimant "must show more than the mere presence of a condition or ailment" at step two, *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997), the burden is a *de minimis* showing of impairment. *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997), *citing Williams*, 844 F.2d at 751. Thus, a finding that an impairment is not severe may be made only when the medical evidence establishes a slight abnormality (or a combination of slight abnormalities) that would not have more than a minimal effect on the claimant's ability to work. *Hinkle*, 132 F.3d at 1352.

The claimant's primary complaint in this appeal is that the ALJ failed to discuss lay evidence supporting his claim that his impairments severely limited his ability to work, including: (i) a former employer who said the claimant was not a reliable worker

because after about two days his feet and back pain would confine him to bed for several days (Tr. 201); (ii) a former co-worker who said that the claimant could work only three to four hours before his feet would swell and he would have to sit down, and that he could not lift for very long before having back pain (Tr. 196); and (iii) a former employer who reported that the claimant could only work four to five hours a day, three to four days a week, and that he would have to take off work because his feet would swell up so bad that he was not able to wear shoes or boots (Tr. 197).

The ALJ stated in his written opinion that he considered the "evidence of record" (Tr. 14), but did not discuss (or even mention) any of the above-described lay evidence concerning the claimant's work-related physical limitations. Blanket assertions about the consideration of such evidence are appropriate "only if the written decision reflects that the ALJ considered [it.]" *Blea v. Barnhart*, 466 F.3d 903, 915 (10th Cir. 2006) ("[T]he ALJ made no mention of [the claimant's wife's] testimony, nor did he refer to the substance of her testimony anywhere in the written decision. Thus, it is not at all 'clear that the ALJ considered [her] testimony in making his decision.'"), *quoting Adams v. Chater*, 93 F.3d 712, 715 (10th Cir. 1996). Because the Court is unable to conclude that the ALJ actually considered this evidence, as he clearly must do, *see Blea,* 466 F.3d at 915 ("Without the benefit of the ALJ's findings supported by the weighing of this relevant evidence, we cannot determine whether his conclusion[s] . . . [are] supported by substantial evidence."), *quoting Threet v. Barnhart,* 353 F.3d 1185, 1190 (10th Cir. 2003), the decision of the Commissioner must be reversed and the case remanded to the ALJ for further analysis. *See, e. g., Baker v. Bowen,* 886 F.2d 289, 291 (10th Cir. 1989)

("[W]here the record on appeal is unclear as to whether the ALJ applied the appropriate standard *by considering all the evidence before him*, the proper remedy is reversal and remand.") [emphasis added].

## Conclusion

In summary, the Court finds that correct legal standards were not applied and the decision of the Commissioner is therefore not supported by substantial evidence. The Commissioner's decision is accordingly hereby REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 30th day of March, 2010.

---

**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**